

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DOMINGO CASTELLON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-357-A |
| | § | (NO. 4:12-CR-036-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Domingo Castellon, movant, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court, having considered the motion, the government's response (which is in the form of a motion to dismiss), the record, including the record in the underlying criminal case, No. 4:12-CR-036-A, and applicable authorities, finds that the motion should be dismissed as untimely.

I.

Background

The record in the underlying criminal case discloses the following:

On February 21, 2012, movant was named in a one-count information charging him with possession of visual depictions of minors engaged in sexually explicit conduct, in violation of 18

U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). CR Doc.[1] 9. On March 2, 2012, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 13. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 14. They also signed a waiver of indictment. CR Doc. 15. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 44.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:12-CR-036-A.

2

The probation officer prepared the PSR, which reflected that movant's base offense level was 18. CR Doc. 19 ¶ 22. He received a two-level increase because the material involved a prepubescent minor or a minor who had not attained the age of 12 years, id. ¶ 23, a four-level increase for material that portrayed sadistic or masochistic conduct, id. ¶ 24, a five-level increase for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor, id. ¶ 25, a two-level increase for using a computer to possess the material, id. ¶ 26, and a five-level increase for possession of 600 or more images. Id. ¶ 27. He received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 33, 34. Based on a total offense level of 33 and a criminal history category of IV, the guideline imprisonment range was 188 to 235 months. Id. ¶ 74.

Movant filed objections to the PSR, CR Doc. 41, and the probation officer submitted an addendum thereto. CR Doc. 24. Defendant was sentenced to a term of imprisonment of 235 months. CR Doc. 30. He appealed. CR Doc. 34. On February 19, 2013, the government's motion for summary affirmance was granted and the judgment affirmed. United States v. Castellon, 513 F. App'x 395 (5th Cir. 2013). Movant did not file a petition for writ of certiorari.

3

II.

Grounds of the Motion

Movant asserts that his arrest and subsequent searches resulting in seizure of the pornographic materials underlying his conviction were illegal and that his counsel was ineffective in failing to seek suppression of the evidence against him. Doc.[2] 1.

III.

Applicable Legal Standards

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil case.

4

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979)(citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before

examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011)(quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Section 2255 contains a one-year statute of limitations. 28 U.S.C. § 2255(f). In this case, limitations began to run on the date the judgment became final. Clay v. United States, 537 U.S. 522, 527 (2003). That is, the time began to run when the time

6

for filing a petition for writ of certiorari expired in May 2013. The motion here was not filed until April 14, 2020, when it appears to have been deposited in the mail for filing. Doc. 1 at PageID[3] 12.

The motion says that it is being filed "outside of tolling restrictions due to 'Newly Discovered Evidence'." Doc. 1 at PageID 1. Movant alleges that he only recently discovered that the evidence against him was collected without cause or search warrant. Id. Movant has not shown the exercise of any diligence. Nor has he shown that any extraordinary circumstance prevented him from timely filing his motion. Holland v. Florida, 560 U.S. 631, 649 (2010). Although actual innocence might serve as an exception to the bar of limitations, movant may only benefit from this exception if he shows that in light of new evidence no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013). Movant has offered no such evidence here.

V.

Order

The court ORDERS that movant's motion under 28 U.S.C. § 2255 be, and is hereby, dismissed as untimely.

---

[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 9, 2020.

JOHN McBRYDE
United States District Judge

8